**No. 26-2696**

# In the United States Court of Appeals for the Eighth Circuit

**IN RE CATTLE AND BEEF ANTITRUST LITIGATION**

Commercial and Institutional Indirect Purchaser Plaintiffs; Consumer Indirect Purchaser Plaintiffs; et al.,

*Plaintiffs–Appellees*,

v.

Cargill, Inc.; Cargill Meat Solutions Corporation, also known as Cargill Protein – North America; JBS SA; Swift Beef Company; et al.,

*Defendants–Appellants*.

On Grant of Rule 23(f) Petition
Appeal from the United States District Court
for the District of Minnesota, Case No. 22-md-3031

## PLAINTIFFS-APPELLEES' UNOPPOSED MOTION TO EXTEND TIME TO FILE RESPONSE BRIEFS

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27, all Plaintiffs-Appellees in the above-captioned appeal respectfully request a 30-day extension of the time to file their response briefs. The extension is warranted given the complexity of the case, the recent retention of appellate counsel, and the press of other business. Defendants-Appellants do not oppose the extension request.

1. This antitrust appeal involves multiple appellants and multiple sets of appellees. This appeal, No. 26-2696, concerns the downstream victims of Defendants-Appellants' antitrust conspiracy. A separate appeal, No. 26-2689, concerns the upstream victims. This motion is on behalf of all Plaintiffs-Appellees in the "downstream" appeal. We understand that the plaintiff-appellees in the upstream appeal plan to seek a parallel extension that will leave the cases on the same schedule.

2. There are three classes at issue in the downstream appeal: one consisting of direct purchasers and two consisting of different indirect purchasers. The direct and indirect purchasers moved separately for class certification below and are represented in the trial court and this Court by separate counsel. They plan to file separate briefs, as the Federal Rules of Appellate Procedure contemplate. *See* Fed. R. App. P. 28(i) ("In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief.").

3. Plaintiffs-Appellees' response briefs are currently due November 5, 2026. The unopposed 30-day extension would put the new

deadline on a Saturday, making the response briefs due Monday, December 7, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

4. This is Plaintiffs-Appellees' first extension request.

5. There is good cause for this extension.

6. This is a complicated case with multiple parties, several issues, and an extensive record. Appellate counsel for the Direct Purchaser Plaintiffs were only recently retained for this appeal and require additional time to become familiar with the substantial record on class certification, including the voluminous expert evidence. In deciding whether to certify the upstream and downstream classes, the district court considered 1,086 pages of briefing, 2,994 pages of expert reports, and 17,351 pages of exhibits (along with 2,570 pages on three *Daubert* motions, including 629 pages of briefing and 1,941 pages of exhibits). The court also heard over seven hours of oral argument spanning two days. Counsel require additional time to digest this record and best present the issues for this Court's review.

7. An extension is further warranted by the press of other business. Counsel for Plaintiffs-Appellees are handling several ongoing matters with upcoming deadlines.

8. Defendants-Appellants do not oppose the motion but will submit a response to address the impacts of the proposed extension, as well as the number of response briefs that Plaintiffs-Appellees may file, on Defendants-Appellants' reply briefs.

9. This motion is made in good faith and not for purposes of delay. The requested extension will not prejudice any party.

October 21, 2026

Respectfully submitted on behalf of all Plaintiffs-Appellees,

*/s/ Eric F. Citron*

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, California 94710
(510) 725-3000
shanas@hbsslaw.com

*Counsel for Appellees Consumer Indirect Purchaser Plaintiffs*

Michael Flannery
CUNEO GILBERT FLANNERY & LADUCA, LLP
Two CityPlace Drive
Second Floor
St. Louis, MO 63141
(314) 226-1015
mflannery@cuneolaw.com

Eric F. Citron
Rachel G. Shalev
ZIMMER, CITRON & CLARKE
14 Ridge Square NW, Suite 328
Washington, DC 20016
(202) 796-4540

*Counsel for Appellees Direct Purchaser Plaintiffs*

Shawn M. Raiter
LARSON · KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com

Sterling Aldridge
BARRETT LAW GROUP PA
P.O. Box 927
404 Court Square
Lexington, MS 39095
(662) 834-2488
saldridge@barrettlawgroup.com

*Counsel for Appellees Commercial and Institutional Indirect Purchaser Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this motion contains 487 words.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook font in 14-point size.

Dated: October 21, 2026

*/s/ Eric F. Citron*

Eric F. Citron
*Counsel for Appellees Direct Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this extension motion was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 21, 2026

*/s/ Eric F. Citron*

Eric F. Citron
*Counsel for Appellees*
*Direct Purchaser Plaintiffs*